## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 2:24-cv-14395-KMM

LIZENA DAVIS,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Parties' cross-motions for summary judgment.  On May 12, 2025, Plaintiff Lizena Davis ("Plaintiff") filed her Motion for Summary Judgment.  (ECF No. 12) ("Plaintiff's Motion" or "Pltff.'s Mot.").  On July 10, 2025, Defendant Commissioner of Social Security ("Defendant") filed its Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law.  (ECF No. 16) ("Defendant's Motion" or "Def.'s Mot.").  Plaintiff responded to Defendant's Motion on July 24, 2025.  (ECF No. 18) ("Plaintiff's Response").  This Court referred the case to Magistrate Judge Lisette M. Reid "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters."  (ECF No. 8).  Magistrate Judge Reid issued a Report and Recommendation, recommending that Defendant's Motion be granted, Plaintiff's Motion be denied, and the Administrate Law Judge's ("ALJ") decision below be affirmed.  (ECF No. 19) ("R&R").  Plaintiff filed her Objections to the R&R on January 20, 2026.  (ECF No. 20) ("Obj.").  As set forth below,

the Court ADOPTS Magistrate Judge Reid's R&R, GRANTS Defendant's Motion, DENIES Plaintiff's Motion, and AFFIRMS the ALJ's decision.

## I.    BACKGROUND

The Court presumes the Parties' familiarity with the factual record, as detailed at length in the R&R. R&R at 4–16. The Court will provide a brief summary of this case's procedural history, as is most relevant to the disposition of the instant Motions.

Plaintiff filed her application for Disability Insurance Benefits ("DIB") on February 15, 2022, alleging an onset of disability on October 10, 2021. R. 206.[1] Plaintiff's claim was denied on April 25, 2022, and then again upon reconsideration June 20, 2023. R. 109–17. Eventually, following a hearing, ALJ Valencia Jarvis issued an unfavorable decision on March 25, 2024. R. 14–32. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the following limitations: occasionally lifting/carrying less than 10 pounds; frequently lifting/carrying less than 10 pounds; standing/walking for four hours in an 8-hour day; sitting for six hours in an 8-hour day; using a handheld device to assist with ambulation; occasional balancing, stooping, kneeling, crouching, crawling, climbing up stairs or ramps, but never climbing ladders, ropes, or scaffolds; and occasionally being exposed to extreme cold or heat, and to unprotected heights. R. 24.

The Appeals Council then denied Plaintiff's request for review on November 1, 2024. R. 1–3. An appeal of the Defendant's decision to deny Plaintiff's application for DIB benefits followed, as she filed her Complaint in this Court on December 13, 2024. (ECF No. 1).

---

[1] All references to "R. #" are to pages of the transcript of the administrative record, which has been filed on the docket at (ECF No. 4).

Plaintiff eventually moved for summary judgment, raising just one argument as to why this case should be remanded: the ALJ's RFC is incomplete and unsupported by substantial evidence as it does not incorporate or expressly reject limitations from the opinion of Dr. Sterling Haws, a consultative examiner. *See generally* Pltff.'s Mot. Now before the Court is Magistrate Judge Reid's R&R, recommending the Court deny Plaintiff's Motion, grant Defendant's Motion, and affirm the ALJ's decision. *See generally* R&R.

## II.   LEGAL STANDARD

### A. Report and Recommendations

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla.

2000))).  A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-cv-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

### B.  Reviewing ALJ's Determinations

Judicial review of an ALJ's final decision is limited to whether the ALJ's "conclusion, as a whole, was supported by substantial evidence in the record."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  *Id.* (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted)).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)).  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole."  *Mitchell v. Comm'r of Soc. Sec*, 771 F.3d 780, 782 (11th

Cir. 2014) (citing *Dyer*, 395 F.3d at 1211).  However, while "[a]n ALJ is not required to refer specifically to each piece of evidence in the record, [the ALJ] must sufficiently explain the weight given to 'obviously probative exhibits.'"  *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

## III.   DISCUSSION

Magistrate Judge Reid recommends denying Plaintiff's Motion and granting Defendant's Motion because: there is substantial evidence in the record supporting the ALJ's findings that Plaintiff's medically determinable impairments did not render her disabled and the ALJ's decision reflects that she considered Dr. Haws' recommendation that Plaintiff requires human assistance during ambulation,[2] before ultimately declining to adopt it based on inconsistencies with the broader medical record.  R&R at 17–20.  In her Objections to the R&R, Plaintiff argues that Magistrate Judge Reid was mistaken to find that the ALJ properly accounted for Dr. Haws' medical opinion, and also mistaken to find that the ALJ was not required to explicitly reject this portion of Dr. Haws' opinion.  Obj. at 1–2.  She also argues that Magistrate Judge Reid is relying on *post-hoc* rationalizations in finding that the ALJ's findings regarding Plaintiff's mental impairments adequately support her "omission of the human guidance opinion." *Id.* at 2–3.

As a preliminary matter, the Court notes Plaintiff's objections each reflect arguments raised in her Motion and her Response to Defendant's Motion.  *See* Pltff.'s Mot. at 3–7 (arguing ALJ erred by failing to properly account for Dr. Haws' opinion); *id.*

---

[2] In relevant part, Dr. Haws' recommendation regarding Plaintiff's need for human assistance during ambulation was as follows: "The claimant will require assistance and guidance during ambulation to ensure she did not become disoriented and become a danger to herself or to others." R. 1012.

(arguing ALJ failed by not specifically "build[ing] an accurate and logical bridge from" Dr. Haws' medical opinion to her eventual decision to not include human guidance as part of Plaintiff's RFC); Plaintiff's Response at 3–4 ("The ALJ never discounted Plaintiff's need for assistance while ambulating, and Defendant's arguments claiming otherwise were clearly a *post-hoc* rationalization rather than based on discussions actually present in the ALJ's decision.").  As the Court noted, it is improper for Plaintiff to submit objections to this Court "which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."  *Marlite, Inc.*, 2012 WL 3614212, at *5 (quoting *Camardo*, 806 F. Supp at 382).  However, only proper objections trigger district courts' obligation to review an R&R *de novo*.  *See Keaton*, 2015 WL 12780912, at *1.  As such, the Court next goes through Magistrate Judge Reid's findings and reviews them for clear error.

Magistrate Judge Reid finds that the ALJ considered Dr. Haws' recommendation that Plaintiff requires human assistance during ambulation, and reasonably declined to follow it because of inconsistencies with the broader medical record.  R&R at 18. Magistrate Judge Reid finds that Plaintiff's treatment notes indicate she was independent in bathing, dressing, toileting, feeding, and medication management, which is contrary to Plaintiff's own testimony.  *Id.*  Further, she finds that the ALJ explicitly addressed the extent to which Plaintiff's cognitive issues were linked with her gait instability, and that the ALJ reasonably concluded—based off Plaintiff's psychiatrist and other doctors who examined her—that Plaintiff's mental impairments "did not contribute to her physical symptoms or gait instability."  *Id.* at 19.  Magistrate Judge Reid also finds that the ALJ found Dr. Haws' opinion persuasive as to Plaintiff's need for assistance or guidance to

ambulate, and that this was consistent with another doctor who opined Plaintiff required handheld assistance, as opposed to human guidance, for ambulation. *Id.* Further, she notes that the ALJ found that Dr. Haws' opinion regarding Plaintiff's cognitive impairments was unpersuasive. *Id.* at 19–20 (noting that ALJ stated, regarding Dr. Haws' opinion that Plaintiff has disorientation and cognitive decline: "[H]e largely based this opinion on the claimant's subjective reports and did not perform a formal mental status exam or other cognitive testing"). The Court finds no clear error with Magistrate Judge Reid's findings and agrees that the ALJ had and articulated substantial evidence for her findings that justified not adopting Dr. Haws' opinion.

Magistrate Judge Reid also finds that the ALJ was not required to "explicitly reject" Dr. Haws' opinion that Plaintiff needed human assistance to ambulate. *Id.* at 20. She finds that this omission does not override the aforementioned record evidence, which the ALJ pointed to, or the fact that the ALJ "properly articulated the reasons for discounting Dr. Haws' opinion that Plaintiff's need for guidance or assistance while ambulating was due to cognitive issues." *Id.* The Court finds no clear error with Magistrate Judge Reid's findings, and agrees that Dr. Haws' recommendation of human assistance is tied to his finding that Plaintiff's ambulatory limitations are cognitive, so the ALJ's extensive discounting of Dr. Haws' opinions regarding Plaintiff's cognitive limitations are sufficient to meet the substantial evidence standard.

Finally, Magistrate Judge Reid finds the ALJ clearly explained why she found another doctor and Plaintiff's psychiatrist's findings to be more persuasive regarding Plaintiff's cognitive abilities than Dr. Haws' opinion regarding the same. Therefore, Magistrate Judge Reid finds there is sufficient evidence to find "that the ALJ properly

considered the combined impact of Plaintiff's limitations in the ultimate RFC determination." *Id.* The Court finds no clear error with Magistrate Judge Reid's findings. Therefore, the Court adopts Magistrate Reid's recommendation that the ALJ's decision be affirmed.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED;

2. Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED;

3. The ALJ's Decision is AFFIRMED;

4. Magistrate Judge Reid's Report and Recommendation (ECF No. 19) is ADOPTED;

5. The case is now CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th  day of February, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record